J-S40014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LAWRENCE | : | |
| | : | |
| Appellant | : | No. 1906 EDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008435-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LAWRENCE | : | |
| | : | |
| Appellant | : | No. 1907 EDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008752-2013

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 09, 2023**

Christopher Lawrence appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We conclude that Lawrence's PCRA counsel was *per se* ineffective, and remand with instructions.

In the early morning hours of May 14, 2013, police reported to a restaurant after hearing gunshots. The responding officers observed three men with gunshot wounds. A witness, who had pulled up outside the restaurant while driving a utility truck, observed three men running from the scene. The witness later identified Lawrence from a photo array. Lawrence challenged the witness's identification through a motion to suppress, which the trial court denied.

Following a jury trial at trial court docket number 8435-2013 ("No. 8435-2013"), Lawrence was convicted of one count each of attempted murder, conspiracy, firearms not to be carried without a license and carrying firearms on public streets in Philadelphia, and three counts each of aggravated assault and robbery – inflict serious bodily injury.[1] At trial court docket number 8752-2013 ("No. 8752-2013"), the trial court conducted a separate bench trial and found Lawrence guilty of persons not to possess firearms.[2]

The trial court sentenced Lawrence to an aggregate term of 27½ to 55 years in prison. Lawrence filed a timely post-sentence motion at both dockets, which was ultimately denied by operation of law.

On direct appeal, Lawrence raised several claims relating to the discretionary aspects of his sentence. In its appellee's brief, the

_____

[1] *See* 18 Pa.C.S.A. §§ 901, 903, 6106(a)(1), 6108, 2702(a)(1), and 3701(a)(1)(i).

[2] *See* 18 Pa.C.S.A. § 6105(a)(1).

J-S40014-22

Commonwealth identified two additional sentencing issues: (1) the trial court stated on the record its intention to merge the attempted murder and aggravated assault convictions relating to the same victim but failed to do so in its sentencing order; and (2) the trial court improperly applied the deadly weapon used enhancement for the firearms convictions at No. 8435-2013. This Court, agreeing with the Commonwealth's arguments, vacated the separate aggravated assault sentence and vacated the sentences for Lawrence's firearms convictions at No. 8435-2013. We affirmed the judgment of sentence in all other respects. *See Commonwealth v. Lawrence*, 195 A.3d 963, 3539 MDA 2016 (Pa. Super. filed Aug. 1, 2018) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Lawrence*, 197 A.3d 1173 (Pa. 2018).

On October 10, 2019, Lawrence filed, *pro se*, the instant timely PCRA petition. Lawrence generally argued that an investigating detective offered false testimony at trial; the search warrant was not supported by probable cause; and the photo array through which a witness identified Lawrence was unduly suggestive. Lawrence also claimed his trial counsel rendered ineffective assistance and identified seven specific instances of alleged ineffectiveness.

The PCRA court appointed Robert J. Dixon, Esquire, as PCRA counsel. Attorney Dixon filed an amended PCRA petition alleging ineffective assistance of counsel for trial counsel's failure to (1) litigate a pre-trial motion challenging the validity of the search warrant for Lawrence's property, which he alleged

- 3 -

was not properly signed; and (2) file a post-trial motion challenging the denial of Lawrence's motion to suppress identification evidence. In response, the Commonwealth filed a motion to dismiss.

After issuing appropriate notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Lawrence's PCRA petition without a hearing. Attorney Dixon filed a timely notice of appeal at each docket number on Lawrence's behalf. [3,4] On October 5, 2021, the PCRA court ordered Lawrence to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days of the date of the order. Lawrence, *pro se*, filed a Rule 1925(b) concise statement on October 25, 2021, one day before the time for doing so expired. Attorney Dixon did not file a concise statement on Lawrence's behalf. There is no indication that Attorney Dixon sought leave to withdraw from representation. Attorney Dixon has since filed an appellate brief in this matter.[5]

---

[3] Attorney Dixon and the PCRA court both state that Lawrence filed the notice of appeal *pro se*. **See** Appellant's Brief at 6; PCRA Court Opinion, 11/30/21, at 2 n.1.

[4] This Court *sua sponte* consolidated Lawrence's appeals for review.

[5] In its Rule 1925(a) opinion, the PCRA court acknowledges that Lawrence filed a *pro se* 1925(b) concise statement. However, the PCRA court did not address the propriety of this procedure. Instead, the PCRA court concluded that Lawrence waived his claims by failing to raise them in response to the Pa.R.Crim.P. 907 notice. **See** PCRA Court Opinion, 11/30/21, at 3.

As a preliminary matter, we must determine whether Lawrence's claims are preserved for review. Hybrid representation is not permitted in this Commonwealth. **See Commonwealth v. Hopkins**, 228 A.3d 577, 580 (Pa. Super. 2020). Therefore, *pro se* filings submitted while an appellant is counseled are generally considered legal nullities. **See id.** However, this Court has previously recognized attempts by appellants to protect their constitutional right to appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (accepting appellant's *pro se* notice of appeal as timely, even where he was represented by counsel, to protect his constitutional right, and deeming the trial court's failure to forward the *pro se* filing to this Court a breakdown in operations); **see also Commonwealth v. Muhammed**, 219 A.3d 1207, 1210 n.4 (Pa. Super. 2019) ("[A] counseled defendant may act on his own behalf to protect important rights where counsel remains technically attached to the case, but is no longer serving his client's interest."). In contrast, this Court does not accept *pro se* court-ordered Rule 1925(b) concise statements from represented appellants. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) ("Moreover, appellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity.").

Counsel's failure to file a court-ordered Rule 1925(b) concise statement constitutes *per se* ineffective assistance. **See Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*). Because Attorney Dixon was

counsel of record and did not withdraw from representation, his failure to file a Rule 1925(b) concise statement on Lawrence's behalf constituted *per se* ineffective assistance. Compounding Attorney Dixon's ineffectiveness, the appellate brief filed by Attorney Dixon fails to adequately develop Lawrence's claims for review.

Based upon the foregoing, we remand this case to the PCRA court with the directive to remove Attorney Dixon. The PCRA court shall also appoint Lawrence new counsel to assist him within 21 days of the date the certified record is returned to the PCRA court. New counsel shall enter his or her appearance and file a Rule 1925(b) concise statement with the PCRA court within 21 days of the date of appointment, unless this time is otherwise extended by the PCRA court. The PCRA court may file a supplemental Rule 1925(a) opinion as necessary to address the claims raised by new counsel.

Case remanded with instructions. Panel jurisdiction retained.